Mark N. Mutterperl
Jessica S. Parise
Fulbright & Jaworski L.L.P.
666 Fifth Avenue, 31st Floor
New York, New York 10103
Telephone: (212) 318-3000
Facsimile: (212) 318-3400

John C. Rawls
Fulbright & Jaworski L.L.P.
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

*Attorneys for Plaintiff Fifth Avenue of Long Island
Realty Associates d/b/a Americana Manhasset*

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

JAN 29 2008

BROOKLYN OFFICE

08     384

WEXLER, J.

ORENSTEIN M !

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------- x

FIFTH AVENUE OF LONG ISLAND          :
REALTY ASSOCIATES D/B/A              :
AMERICANA MANHASSET,                 :
    *Plaintiff,*                        :
                                        :
    -against-                           :          Civil Action No. _____
                                        :
CARUSO AFFILIATED HOLDINGS LLC       :          COMPLAINT
D/B/A CARUSO AFFILIATED D/B/A        :
CARUSO AFFILIATES,                   :          (JURY TRIAL DEMANDED)
                                        :
    *Defendant.*                        :

---------------------------------------------------------- x

60029081.1

1.     This is an action by plaintiff Fifth Avenue of Long Island Realty Associates d/b/a Americana Manhasset ("Fifth Avenue") for injunctive relief, damages and attorneys' fees for defendant's willful misappropriation of and damage to Fifth Avenue's registered and common law trademarks, including AMERICANA®.

2.     Fifth Avenue owns the Americana shopping center ("Americana") in Manhasset, New York, which has been in business for more than 50 years and is among the premier shopping destinations in the United States.  Consumers travel from across the United States to shop at the Americana's platinum retailers, such as Gucci, Prada, and Tiffany & Co., each of which has had a store in Americana for years.  Fifth Avenue has an incontestable trademark registration for AMERICANA®, a trademark registration for AMERICANA MANHASSET®, and common law rights in AMERICANA AT MANHASSET™ and AMERICANAMANHASSET.COM™ (collectively, the "AMERICANA Mark").

3.     Upon information and belief, defendant Caruso Affiliated Holdings, LLC d/b/a Caruso Affiliated d/b/a Caruso Affiliates ("Caruso") is a shopping center developer headquartered in Los Angeles, California.  Caruso has sought to appropriate to itself the premium reputation of the AMERICANA Mark by applying that name to a shopping center it is developing in Glendale, California.  Specifically, Caruso plans to operate its new center (currently scheduled to open in Spring 2008) under the name "Americana" followed by the geographic descriptor "at Brand" (Brand being the name of the street on which Caruso's new center will be located).  Caruso was well aware of Fifth Avenue's AMERICANA Mark, of the fact that Fifth Avenue uses that mark to identify its own shopping center, and that the AMERICANA Mark has a premium reputation in the minds of both consumers and tenants alike. Indeed, Caruso announced its decision to call its planned center "Americana" at Brand just weeks after members of Caruso's senior management secretly toured the genuine Americana center, and conducted a trademark search that identified Fifth Avenue as the owner of a trademark registration for AMERICANA®.

4.      Though Caruso has not yet opened Americana at Brand, its recent actions have begun to create a likelihood that consumers will incorrectly believe that its shopping center is to be associated with or related to the genuine Americana center.  Among other things, Caruso has begun to promote "Americana at Brand" by publishing articles about its proposed center on its <carusoaffiliated.com> Web site, advertising in publications with national circulation, and operating Web sites—accessible to consumers anywhere in the world at the click of a mouse—that incorporate "Americana" into their domain names and feature the name in the content of such sites.  As a result of Caruso's actions, the premium reputation of the AMERICANA Mark is being diluted, the value of the trademark is being diminished, and consumers are being misled and confused.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to:  (i) 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a)-(b), as an action for violation of the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*; (ii) 28 U.S.C. § 1332(a), as an action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs; and (iii) 28 U.S.C. § 1367(a), pursuant to the principles of supplemental jurisdiction.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)-(c) in that, among other things, a substantial part of the events or omissions giving rise to the claims herein occurred or a substantial portion of the property that is the subject of the action is located in this judicial district and/or the defendant resides in this judicial district.

## THE PARTIES

7.      Fifth Avenue of Long Island Realty Associates d/b/a Americana Manhasset ("Fifth Avenue") is a limited liability partnership organized and existing under the laws of the State of New York, with its principal place of business located in Manhasset, New York.  Fifth Avenue is the owner of the trademarks AMERICANA®, AMERICANA MANHASSET®, AMERICANA AT MANHASSET™, and AMERICANAMANHASSET.COM™ (collectively, the "AMERICANA Mark").

8.      Fifth Avenue is informed and believes and thereupon alleges that defendant Caruso Affiliated Holdings, LLC d/b/a Caruso Affiliated d/b/a Caruso Affiliates ("Caruso") is a limited liability company organized and existing under the laws of the State of California, with its principal place of business located in Los Angeles County, California. Upon information and belief, Caruso maintains an office in New York, New York.

### ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

### Fifth Avenue and Its Business

9.      Fifth Avenue owns and operates the Americana shopping center located in Manhasset, New York. The center has been in operation continuously since 1956, and is currently one of America's most prestigious shopping destinations. Americana currently features a premier collection of sixty fine retail shops including but not limited to Prada, Gucci, Chanel, Van Cleef & Arpels, Giorgio Armani, Oscar de la Renta, Cartier, Hermès, Louis Vuitton, Tiffany & Co., Dior, Fendi, Ralph Lauren and St. John.

10.     Americana offers a unique outdoor environment designed by world-renowned architect, Peter Marino, and landscape designer Oehme van Sweden. Americana boasts over 191,000 square feet of retail space, within which shoppers experience unique amenities such as a complimentary Personal Shopping Service, spa and medical services, and an array of fine dining options. Due to its premiere tenant mix, architecture, landscaping, proactive national advertising and marketing, and philanthropic efforts, Americana has become a preferred destination for shoppers from around the nation and the world.

### The AMERICANA Mark

11.     Fifth Avenue owns U.S. trademark Registration Nos. 1,771,826 and 2,648,932 for AMERICANA® and AMERICANA MANHASSET®, respectively. Fifth Avenue also owns common law trademark rights in the marks AMERICANA AT MANHASSET™ and AMERICANAMANHASSET.COM™.

12. Fifth Avenue has spent substantial time, effort and money advertising and promoting the AMERICANA Mark through a variety of media that reach consumers across the nation and around the world. Among other things:

(a) Fifth Avenue operates Internet Web sites located at the URLs <americanamanhasset.com> and <americanaatmanhasset.com>. These Web sites provide information about Americana, including the retail shops within the center and contact information for persons or businesses seeking to lease retail space at Americana. These sites are viewed by consumers in all fifty states and in nearly 80 countries around the world. California consistently ranks among the top five states from which consumers "log on" to the sites. These sites also are accessible through hyperlinks on Fifth Avenue's other Web sites, located at the URLs <championsforcharity.org> and <castagnarealty.com>, which dedicate an entire webpage to Americana, highlighting its premiere collection of boutiques and services, all under the heading "Americana Manhasset."

(b) Fifth Avenue places advertisements for Americana in a variety of national publications, including *Elite Traveler*, *The International Herald Tribune*, *Menswear*, *The New York Times*, *The New York Times T-Styles Magazine*, *W* magazine and *WWD*.

(c) Americana has been featured on a number of nationally televised programs. Business Week's *Money Talks*, a nationally syndicated program, aired a feature on "retail lifestyle centers" in which Americana was a central focus of the news story. The *Rachel Ray Show* aired two programs that featured clothing and accessories from Americana. *Jets 24/7 with Herman Edwards* aired a story about Americana and Fifth Avenue's philanthropic activities. Other regional television stations such as WNBC, WABC, FOX 5, and WCBS, have featured Americana on programs televised to consumers in New York, New Jersey, and Pennsylvania.

(d) Fifth Avenue promotes Americana in media directed towards the New York metropolitan area. Print advertisements containing the AMERICANA Mark have appeared in *Absolute, Anton Community Newspapers, Elements, Elite Traveler, Great Restaurants of Long*

Island, Gotham, Hamptons, House, Newsday, The New York Times; The New York Times T-Styles Magazine and the Tilles Center for Performing Arts Playbill. News stories featuring Americana have appeared on the WCBS; WNBC; WLIW; WABC; and FOX 5 television stations. Fifth Avenue, in partnership with American Express, has run radio and television advertisements on WABC, WNBC, WCBS, WBLS, WRQS, WAXQ, WLTW, WFAN, WINS, WLTN and WRKS.

(e)     More than 150,000 copies of Americana's seasonal catalogs are distributed by mail three times per year. For instance, in March 2006, Fifth Avenue's Spring Catalog was packaged and mailed with W magazine and Vanity Fair magazine, reaching 220,000 households. In September 2005, Fifth Avenue's Fall Catalog was packaged and mailed with W magazine and Vogue, reaching 200,000 subscribers. Also in 2005, American Express sent, on behalf of Americana, 40,000 announcements to consumers across the United States to promote the American Express double points program at Americana retailers.

(f)     Fifth Avenue uses the AMERICANA Mark in marketing directed towards prospective tenants worldwide. Fifth Avenue executives have made business trips to the Los Angeles metropolitan area, Florida, and Dallas, and make annual trips to Milan and Paris for the women's Spring and Fall designer fashion shows, where they meet, greet, and exchange AMERICANA®-branded business cards with fashion executives and press from around the world. Fifth Avenue executives also attend the International Herald Tribune Luxury Conference, which attracts executives from companies around the world, and send correspondence to tenants throughout the nation, using stationary bearing the AMERICANA Mark, as well as emails which include the AMERICANA Mark in the text and email addresses. As a result of these marketing efforts, well-known companies like St. John (California), GAP (California), CH Carolina Herrera (Spain), Banana Republic (California), Oilily (Illinois), Talbots (Massachusetts), Williams-Sonoma (California) and Wolford (Massachusetts) have become tenants of Americana.

(g)     Every year, Americana participates in a number of philanthropic events that are widely attended and publicized. Americana holds an annual shopping benefit to raise

funds for non-profit organizations; the AMERICANA Mark is used on the Web site <championsforcharity.org> and in other promotional materials, to promote the event, which raises over $500,000 per year. Fifth Avenue has sponsored organizations such as G&P Foundation For Cancer Research and the Lymphatic Research Foundation, which lists Americana on its Web site as a "fundraising partner."

(h)     Fifth Avenue hosts numerous events, including fashion shows, in which it uses the AMERICANA Mark on correspondence related to the event, promotional materials and invitations. Invitees include persons from all over the world.

(i)     Americana's concierge has provided branded items, each bearing the AMERICANA Mark, to visitors of the center. These items include gift cards; gift certificates; gift card bags; gift card boxes; receipt holders; inserts; shopping bags; postcards; thank you notes; pencils; pens; hand towels; store directories; envelopes; vouchers; shopping spree cards; bottled water; wrapping paper; coffee cups; tins with mints inside; reference guides; baseball caps; t-shirts; business card holders; luggage tags; lapel pins; mailings; ribbon; and tissue.

(j)     In 2005, Fifth Avenue won the International Shopping Center Industry's International Design and Development Award for the renovation and expansion of Americana. The awards ceremony was held in Phoenix, Arizona. During the ceremony, the AMERICANA Mark was used extensively to promote Fifth Avenue's Americana shopping center.

### Promotion of the AMERICANA Mark by Fifth Avenue's Tenants

13.     Most of the businesses that operate stores in Americana have developed advertising and/or promotional materials that are accessible to consumers worldwide, including:

(a)     Web sites that prominently display the AMERICANA Mark to denote the fact that such businesses operate stores in Americana. Tenants that feature the AMERICANA Mark on their Web sites include but are not limited to: Ann Taylor; Anne Fontaine; Banana Republic; Barneys New York; Brooks Brothers; Burberry; CH Carolina Herrera; Coach; Cole Haan; Dior; Dolce & Gabbana; Donna Karan; Escada; Estée Lauder; GAP; Gucci; Hermès; Jimmy Choo; Kate Spade; Lacoste; Leggiadro; London Jewelers; Cartier; David Yurman; Van

Cleef & Arpels; Loro Piana; Louis Vuitton; Michael Kors; Morgenthal Frederics; Oilily; Ralph Lauren; Salvatore Ferragamo; St. John; and Tiffany & Co.

(b)     Advertisements that list their store locations, and thus include the AMERICANA Mark to identify the center in which their stores are located.  Ralph Lauren has placed advertisements bearing the AMERICANA Mark in national publications including over 20 full-page advertisements throughout 2006 and 2007 in *The New York Times* and *The Wall Street Journal*.  Salvatore Ferragamo has advertised using the AMERICANA Mark in national publications such as *Cigar Aficionado, Departures, Details, GQ, Elle, Elle Décor, Harper's Bazaar, InStyle, Robb Report, Town & Country, Vanity Fair, Vogue, W* and *Wine Spectator*. Other tenants that have placed similar ads include Cartier, Tiffany & Co., Fendi, David Yurman, Bottega Veneta, Dior, St. John, and Yves Saint Laurent.

(c)     Catalogs which are made available to consumers at store locations throughout the United States.  Such tenants include: Burberry, Fendi, Donna Karan, Gucci, Salvatore Ferragamo, Bottega Veneta, CH Carolina Herrera, and Ralph Lauren.

14.     As a result of the foregoing and similar use and promotion, the AMERICANA Mark has become a well-known and highly distinctive trademark.

### Caruso's Misappropriation and Misuse of the AMERICANA Mark

15.     Upon information and belief, Caruso is a real estate developer whose primary business is building shopping centers.  Caruso has been involved in the shopping center development field for over ten years, with eight shopping center projects completed and four more in development.  Currently, Caruso is constructing a mixed-use retail and residential center in Glendale, California (a close suburb of Los Angeles) that it intends to operate under the name "Americana at Brand."  "Brand," like "Manhasset," merely describes the location of the center (it is the name of the street on which Caruso's new center will be located).  Americana at Brand is currently scheduled to open in Spring 2008.

16.     Upon information and belief, Caruso initially claimed that it adopted the "Americana" name purely by coincidence; that it allegedly chose the name from contest entries.

Subsequently, however, it has become clear that Caruso decided to use "Americana" only weeks after its senior management secretly toured the genuine Americana facility in Manhasset and after it had conducted a trademark search that identified Fifth Avenue's AMERICANA Mark in connection with shopping center services. On or about April 2004 (less than two months after touring Americana and conducting the trademark search), Caruso registered and began using the following domain names, <americanaatbrand.com>, <americanaatbrand.net> and <americanaatbrand.org> (the "Infringing Domain Names").

17.    Upon information and belief, prior to adopting the "Americana at Brand" name and registering the Infringing Domain Names, Caruso knew that Fifth Avenue was the owner of at least one federal trademark registration for the AMERICANA Mark, that such registration was incontestable, and that Fifth Avenue used that mark to identify the Americana shopping center.

18.    Much of Caruso's marketing material promoting its planned center, identifies the center as "Americana," ignoring or downplaying the geographic descriptor "at Brand." Caruso took out a two-page advertisement in *Shopping Centers Today*, a national trade publication, which featured a rendering of a sign that read "AMERICANA" in prominent fashion, with the geographic designator "at Brand" at the bottom of the sign, in much smaller font. Similarly, the <americanaatbrand.com>, <americanaatbrand.net> and <americanaatbrand.org> Web sites depict the terms "THE AMERICANA" on a grander scale than "at Brand." Not surprisingly, news media have begun referring to Caruso's Americana at Brand center as "Americana" or "The Americana."

19.    Caruso has touted "Americana at Brand" as a "destination for tourists and visitors." Further, Caruso has stated that "The Americana" will include "some of the most highly sought-after retailers today, including...Juicy Couture...[and] Lacoste"—retailers that either have locations at Fifth Avenue's Americana center, or are in negotiations for such locations. In addition, Caruso's "Americana At Brand" shopping center is slated to have a concierge, on-site personal shoppers and fine dining—services that have been offered at Americana for years.

20.    Fifth Avenue has no affiliation with Caruso, its Web sites, its shopping center or its services.  Nonetheless, Caruso's Web sites, promotions and use of the AMERICANA Mark leave the distinct—and false—impression that Fifth Avenue endorses or is affiliated with Caruso and/or Caruso's center or services.

### The Confusion and Injury Caused by Caruso's Activities

21.    Though Caruso has not yet opened Americana at Brand, its recent actions have already begun to create the likelihood that consumers will incorrectly believe it to be associated with the genuine Americana center and/or to be owned and operated by the same company. Caruso is creating confusion in the minds of consumers who encounter Caruso's Web sites, shopping center location, office locations and/or advertisements or promotional materials. Among other things, Caruso's use of the AMERICANA Mark is likely to mislead, deceive and confuse consumers as to the origin, sponsorship or approval of the goods and services sold, promoted or advertised by Caruso and/or the affiliation, connection or association of Caruso or its goods and services with Fifth Avenue.   Caruso's use of the AMERICANA Mark is particularly harmful to Fifth Avenue because consumers are likely to assume—incorrectly—that the "Americana at Brand" center is related to and subject to the same quality control standards as the genuine Americana shopping center.  The probability of confusion is increased by the fact that the AMERICANA Mark is well known and the services Caruso plans to offer are directly competitive with those offered by Fifth Avenue under the genuine AMERICANA Mark.

### Caruso's Prior Attempt To Acquire Rights in the AMERICANA Mark

22.    On December 27, 2004, Caruso filed an application for federal registration of AMERICANA AT BRAND as a trademark for "real estate development in the field of retail shopping centers."  The application was published for opposition eleven months later, on November 1, 2005. Fifth Avenue filed an Opposition to Caruso's trademark application with the Trademark Trial and Appeal Board ("TTAB") on November 29, 2005.  Caruso answered the Opposition and the parties began discovery.  While TTAB proceedings were pending, Fifth Avenue   learned   that   Caruso's   real   estate   broker   had   registered   the   domain   name

<americanaatbrandcondomiums.com>, and had begun using that name as the URL of an active commercial Web site advertising condominiums that were to be part of Caruso's Americana at Brand development. On February 22, 2006, Caruso filed a lawsuit against Fifth Avenue in the Central District of California (the "California Action"), seeking a declaration that Americana at Brand does not infringe the AMERICANA MANHASSET® mark (the complaint made no mention of Fifth Avenue's AMERICANA® registration). Fifth Avenue thereafter moved (successfully) to dismiss the California Action, a decision Caruso appealed to the United States Court of Appeals for the Ninth Circuit. On January 5, 2007, however, Caruso abandoned the appeal. Four days later, Caruso also abandoned its application for federal registration of AMERICANA AT BRAND. On February 22, 2007, the TTAB entered judgment against Caruso – sustaining Fifth Avenue's Opposition to the AMERICANA AT BRAND trademark application, and refusing to register AMERICANA AT BRAND.

Nonetheless, Caruso moved forward with its plan to use AMERICANA AT BRAND as the name of its planned Glendale shopping center. Thus, on January 30, 2007, Fifth Avenue's counsel informed Caruso's counsel by letter that:

- Fifth Avenue's federal trademark registrations create nationwide rights and give Fifth Avenue nationwide priority for use of the AMERICANA® mark;

- Though Fifth Avenue could not yet determine the extent and nature of Caruso's proposed use of the AMERICANA AT BRAND mark, Fifth Avenue was specifically reserving its right to pursue future infringement claims if Caruso began using AMERICANA AT BRAND in a manner that created a likelihood of confusion; and

- Caruso should immediately cease using the Infringing Domain Names, which lead to Web sites accessible to consumers regardless of geographic location.

Caruso never responded to Fifth Avenue's letter.

## FIRST CLAIM FOR RELIEF

### (For Trademark Infringement, 15 U.S.C. § 1114(1))

23.     Fifth Avenue specifically realleges and incorporates herein by reference each and every allegation set forth above.

24.     The United States Patent and Trademark Office has granted federal trademark registrations to Fifth Avenue for the AMERICANA® and AMERICANA MANHASSET® trademarks.  The AMERICANA® trademark registration has become incontestable within the meaning of 15 U.S.C. § 1065.

25.     Fifth Avenue uses the AMERICANA Mark as a designation of source and quality for its goods and services.

26.     Caruso's use in interstate commerce of the marks "AMERICANA" and "AMERICANA AT BRAND" are likely to cause confusion, to cause mistake or to deceive consumers and therefore infringes Fifth Avenue's rights in the registered trademarks identified above in violation of 15 U.S.C. § 1114(1).  Fifth Avenue is informed and believes and thereupon alleges that Caruso has continued to use the AMERICANA and AMERICANA AT BRAND marks with full knowledge of Fifth Avenue's rights.

27.     Fifth Avenue has no adequate remedy at law for Caruso's infringement of the registered trademarks identified above in that:  (i) such marks are unique and valuable property, injury to which cannot adequately be compensated by monetary damages; (ii) the damages to Fifth Avenue resulting from the infringement are not precisely and fully ascertainable; (iii) the infringement injures and threatens to continue to injure Fifth Avenue's reputation and goodwill; and (iv) the damage resulting to Fifth Avenue from Caruso's wrongful conduct, and the conduct itself, are continuing and Fifth Avenue would be required to bring a multiplicity of suits to achieve full redress for the injuries caused thereby.

28.     Unless restrained, the foregoing wrongful acts of Caruso will continue to cause irreparable injury to Fifth Avenue, both during the pendency of this action and thereafter.  Therefore, this Court should preliminarily and permanently enjoin Caruso and its agents,

employees and others acting in concert with it from directly or indirectly using any variation of Fifth Avenue's registered trademarks, including but not limited to AMERICANA and AMERICANA AT BRAND, and any other marks that are confusingly similar thereto, in connection with the sale, lease, offer for sale or lease, advertising or promotion of any goods or services.

29.     Fifth Avenue is further entitled to recover damages sustained as a consequence of Caruso's wrongful conduct, in an amount to be determined; to recover Caruso's profits; and to recover Fifth Avenue's attorneys' fees and other costs herein.  Based upon the circumstances of the case, including the willful, deliberate and intentional nature of Caruso's conduct, Fifth Avenue is further entitled to recover triple the amount found as actual damages pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF

### (For Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a))

30.     Fifth Avenue specifically realleges and incorporates herein by reference each and every allegation set forth above.

31.     The acts of Caruso alleged herein are likely to cause confusion or mistake among, or to deceive consumers as to the affiliation, connection or association of Caruso's goods and services with those of Fifth Avenue, or as to the sponsorship or approval of Caruso's goods, services or commercial activities by Fifth Avenue.  Caruso's actions further misrepresent the nature, characteristics or qualities of Caruso's goods, services or commercial activities.

32.     Fifth Avenue has no adequate remedy at law for Caruso's wrongful actions in that: (i) Caruso's actions damage and threaten to continue to damage Fifth Avenue's unique and valuable property, injury to which cannot adequately be compensated by monetary damages; (ii) the damages to Fifth Avenue resulting from Caruso's wrongful actions are not precisely and fully ascertainable; (iii) the wrongful acts of Caruso injure and threaten to continue to injure Fifth Avenue's reputation and goodwill; and (iv) the damage resulting to Fifth Avenue from Caruso's wrongful conduct, and the conduct itself, are continuing and Fifth Avenue would be

required to bring a multiplicity of suits to achieve full compensation for the injuries caused thereby.

33.     Unless restrained, the foregoing wrongful acts of Caruso will continue to cause irreparable injury to Fifth Avenue, both during the pendency of this action and thereafter. Fifth Avenue is therefore entitled to an order from this Court preliminarily and permanently enjoining Caruso and its agents, employees and others acting in concert with it from directly or indirectly: (i) stating or implying that Fifth Avenue is in any way affiliated with Caruso, Caruso's products or services, or approves or endorses Caruso's products, services or commercial activities; (ii) using the AMERICANA or AMERICANA AT BRAND marks or any other names, logos or marks that are confusingly similar to any of Fifth Avenue's trademarks or logos; (iii) using any word, term or name or any combination thereof that is likely to cause confusion, mistake or deception as to the affiliation, connection or association with Fifth Avenue of Caruso, Caruso's goods, services or commercial activities, or the goods, services or commercial activities of any third party; and (iv) using any word, term or name or any combination thereof that is likely to cause confusion, mistake or deception as to the origin, sponsorship or approval by Fifth Avenue of Caruso's goods, services or commercial activities, or the goods, services or commercial activities of any third party.

34.     Fifth Avenue is further entitled to recover damages sustained as a consequence of Caruso's wrongful conduct, in an amount to be determined; to recover Caruso's profits; and to recover Fifth Avenue's attorneys' fees and other costs herein. Based upon the circumstances of the case, including the willful, deliberate and intentional nature of Caruso's conduct, Fifth Avenue is further entitled to recover triple the amount found as actual damages pursuant to 15 U.S.C. § 1117.

60029081.1                                          - 13 -

## THIRD CLAIM FOR RELIEF

### (For Violation of the Anticybersquatting Consumer Protection Act

### 15 U.S.C. § 1125(d))

35.     Fifth Avenue specifically realleges and incorporates herein by reference each and every allegation set forth above.

36.     Fifth Avenue is informed and believes and thereupon alleges that Caruso registered and is using the Infringing Domain Names with a bad faith intent to profit from the AMERICANA Mark.

37.     Fifth Avenue is informed and believes and thereupon alleges that Caruso's choice of the Infringing Domain Names was not based in any way on Caruso's legal name or any name that was otherwise previously used to identify Caruso.

38.     The Infringing Domain Names are confusingly similar to and dilutive of the AMERICANA Mark.

39.     Fifth Avenue is informed and believes and thereupon alleges that, prior to the registration of the Infringing Domain Names, Caruso never made prior use of such names in connection with a bona fide offering of any goods or services.

40.     Unless restrained, the foregoing wrongful acts of Caruso will continue to cause irreparable injury to Fifth Avenue, both during the pendency of this action and thereafter. Therefore, this Court should enter orders preliminarily and permanently enjoining Caruso and its agents, employees and others acting in concert with it from directly or indirectly:  (i) renewing registration of, using or trafficking in the Infringing Domain Names; (ii) registering, using or trafficking in Internet domain names that are dilutive of or confusingly similar to the AMERICANA Mark; and (iii) requiring Caruso to forfeit and to transfer to Fifth Avenue the Infringing Domain Names and any and all other domain names that the Court determines to be confusingly similar to or dilutive of the AMERICANA Mark.

41.     Fifth Avenue is further entitled to recover statutory damages, pursuant to 15 U.S.C. § 1117(c), in the amount of $100,000 per domain name.

60029081.1

- 14 -

### FOURTH CLAIM FOR RELIEF

### (For Trademark Dilution, New York General Business Law § 360-1)

42.     Fifth Avenue specifically realleges and incorporates herein by reference each and every allegation set forth above.

43.     By virtue of Fifth Avenue's long and continuous use of the AMERICANA Mark, it has become and continues to be "distinctive" within the meaning of New York General Business Law Section 360-l.

44.     Caruso has made and continues to make commercial use in commerce of the AMERICANA Mark in a manner that is likely to cause dilution of the distinctive quality of such mark, and lessens the capacity of such mark to identify and distinguish Fifth Avenue's goods and services.

45.     Fifth Avenue is entitled to an order from this Court preliminarily and permanently enjoining Caruso, its agents, employees and others acting in concert with it, from directly or indirectly making any further commercial use of the AMERICANA Mark, or any other names, marks or logos that are confusingly similar thereto.

### FIFTH CLAIM FOR RELIEF

### (For Violation of New York General Business Law §§ 349 and 350)

46.     Fifth Avenue specifically realleges and incorporates herein by reference each and every allegation set forth above.

47.     This Claim for Relief sets forth a claim for deceptive acts and business practices and false advertising in violation of New York General Business Law Sections 349 and 350.

48.     Caruso's commercial use of AMERICANA and AMERICANA AT BRAND represents a deliberate attempt to mislead consumers because Caruso is causing a likelihood of confusion or of misunderstanding as to Caruso's goods and services having a source in or the sponsorship, approval or certification of Fifth Avenue, or as being affiliated, connected or associated with Fifth Avenue, and is otherwise engaging in conduct which creates a likelihood of confusion between Fifth Avenue's and Caruso's products and services.

60029081.1                                      - 15 -

49.     By engaging in such false and misleading advertising, Caruso has engaged in deceptive acts and business practices in violation of New York General Business Law § 349, and false advertising in violation of New York General Business Law § 350.

50.     By reason of Caruso's above-described unlawful activities, Fifth Avenue has sustained injury, damage and loss and Caruso has been unjustly enriched. Fifth Avenue has already suffered irreparable harm, and will continue to be irreparably damaged unless this Court enjoins Caruso from continuing its unlawful acts. Fifth Avenue has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF

### (For Common Law Trademark Infringement and Unfair Competition)

51.     Fifth Avenue specifically realleges and incorporates herein by reference each and every allegation set forth above.

52.     Fifth Avenue has widely advertised and used the AMERICANA Mark to identify Fifth Avenue's goods and services. By virtue of such advertising and use, the AMERICANA Mark has come to identify Fifth Avenue as the source of goods and services marketed under the AMERICANA Mark and to represent valuable goodwill which is owned by Fifth Avenue.

53.     Caruso's deliberate creation and use of the AMERICANA and AMERICANA AT BRAND names, which are substantially and confusingly similar to the AMERICANA Mark, are without the permission of Fifth Avenue, and constitute common law trademark infringement and unfair competition and are unlawful.

54.     By reason of Caruso's above-described unlawful activities, Fifth Avenue has sustained injury, damage and loss and Caruso has been unjustly enriched. Fifth Avenue has already suffered irreparable harm, and will continue to be irreparably damaged unless this Court enjoins Caruso from continuing its unlawful acts. Fifth Avenue has no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF

### (For Unjust Enrichment)

55.     Fifth Avenue specifically realleges and incorporates herein by reference each and every allegation set forth above.

60029081.1

- 16 -

56.     The acts of Caruso complained of herein constitute unjust enrichment of Caruso at Fifth Avenue's expense in violation of the common law of the State of New York.

## PRAYER FOR RELIEF

WHEREFORE, Fifth Avenue prays that:

1.     On each and every Claim for Relief alleged herein, for damages according to proof;

2.     On each and every Claim for Relief alleged herein, for preliminary and permanent injunctive relief as hereinabove described;

3.     On its First and Second Claims for Relief alleged herein, for enhanced damages as provided by law;

4.     On its Third Claim for Relief alleged herein, for statutory damages as provided by law;

5.     For its costs of suit herein, including its reasonable attorneys' fees; and

6.     For such other, further or different relief as this Court may deem just and proper.

Dated: January 29, 2008          FULBRIGHT & JAWORSKI L.L.P.
       New York, New York

                                 By: _____
                                     Mark N. Mutterperl (MM 1977)
                                     Jessica S. Parise (JP 6111)

                                     Fulbright & Jaworski L.L.P.
                                     666 Fifth Avenue, 31st Floor
                                     New York, New York  10103
                                     Tel.:     (212) 318-3000
                                     Fax:      (212) 318-3400
                                     E-mails:  mmutterperl@fulbright.com
                                               jparise@fulbright.com

                                     John C. Rawls

                                     Fulbright & Jaworski L.L.P.
                                     1301 McKinney, Suite 5100

60029081.1                          - 17 -

Houston, Texas 77010
Tel:  (713) 651-5151
Fax:  (713) 651-5246
Email:  jrawls@fulbright.com

*Attorneys for Plaintiff Fifth Avenue of Long
Island Realty Associates d/b/a Americana
Manhasset*

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), plaintiff Fifth Avenue of Long Island

Realty Associates d/b/a Americana Manhasset hereby demands trial by jury of all issues so

triable that are raised herein or which hereinafter may be raised in this action.

Mark N. Mutterperl