UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X
FIFTH AVENUE OF LONG ISLAND
REALTY ASSOCIATES D/B/A/
AMERICANA MANHASSET,

                  MEMORANDUM AND ORDER

        Plaintiff,

    --against--                       CV-08-384
                                    (Wexler, J.)

CARUSO MANAGEMENT
COMPANY, LTD. D/B/A/ CARUSO
AFFILIATES,

        Defendant.
------------------------------------------------------------X

        BRACEWELL & GUILIANI LLP
        BY: JOHN C. RAWLS, ESQ.
        711 LOUISIANA STREET SUITE 2300
        Houston, Texas 77010
        Attorneys for Plaintiff

        QUINN EMANUAL UQUHART OLIVER & HEDGES, LLP
        BY: JEFFREY A. CONCIATORI, ESQ.
        51 Madison Avenue, 22nd Floor
        New York, New York 10010
        Attorneys for Defendants

WEXLER, District Judge:

This is an action commenced by Plaintiff Fifth Avenue of Long Island Realty Associates d/b/a Americana Manhasset ("Plaintiff") against Defendant Caruso Management Company Ltd. ("Defendant"). Plaintiff, the owner of a Long Island, New York shopping center owns trademark registrations in the names "Americana," "Americana Manhasset," and "Americana at Manhasset." In this action, Plaintiff claims infringement by Defendant's use of the name "Americana At Brand," in connection with its shopping and real estate town center located in Glendale California. In addition to

1

denying infringement, Defendant has interposed a counterclaim seeking cancellation of Plaintiff's trademark registration in the name "Americana." Presently before the court are Defendant's motion for summary judgment as to the claim of infringement, and Plaintiff's motion for summary judgment on Defendant's counterclaim.

Summary judgment is appropriately granted only if "there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law.") Fed. R. Civ. P. 56(c) ; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Donohue v. Windsor Locks Bd. of Fire Comm'rs, 834 F.2d 54, 57 (2d Cir. 1987). Upon consideration of the papers in support of and in opposition to the motions, this Court finds that genuine issues of material fact exist precluding the entry of summary judgment with respect to the motion of either party.

With respect to Defendant's motion, the parties' papers demonstrate clearly that summary judgment is inappropriate at this point. At the core of Plaintiff's infringement case is the central issue of whether or not consumers are likely to be confused by Defendant's use of the name "Americana at Brand." Numerous factual issues surround the determination of the confusion issue. First, the strength of the mark is at issue. Plaintiff characterizes its mark as strong, while Defendant characterizes the mark as weak. While Defendant stresses the importance of the distance between the parties' businesses, Plaintiff characterizes the relevant market more broadly. The court must determine the importance of the parties' geographic marketing areas as well as the sophistication of consumers. Similarity of the marks is also at issue. Plaintiff claims that the marks are identical, while Defendant claims that the actual use of the marks shows their difference. It is clear that actual use is a matter that is factual in nature. Also at issue is Defendant's intent in adopting its name. In sum, questions of fact preclude a decision on confusion. Accordingly, the court cannot rule, as a matter of law, that Defendant is entitled to summary judgment on the infringement issue.

2

The presence of questions of fact also preclude summary judgment on the counterclaim at this point. In particular, questions of fact exist as to the intent of Plaintiff, and the actual use of the disputed name during the relevant time period.

For the foregoing reasons, the parties' motions for summary judgment are both denied. The Clerk of the Court is directed to terminate the motions.

SO ORDERED

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
July 16, 2009